IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTINA VAN VOORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File |
| ) | |
| AMBER FLETCHER; CHRISTIAN ) | No. _____ |
| FLETCHER; and LIFEBRITE ) | |
| LABORATORIES, LLC; ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**
**(JURY TRIAL REQUESTED)**

COMES NOW Cristina Van Voorn, individually for her Complaint for Damages against the Defendants states and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA").

2.  Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

3. Defendant Amber Fletcher ("Defendant Amber Fletcher") is an individual who resides at 115 Glengate Ave., Atlanta, Fulton County, Georgia 30328. Defendant Amber Fletcher may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law.

4. Defendant Christian Fletcher ("Defendant Christian Fletcher") is an individual who resides at 115 Glengate Ave., Atlanta, Fulton County, Georgia 30328. Defendant Christian Fletcher may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law.

5. LifeBrite Laboratories, LLC ("LifeBrite") is a limited liability company created and existing pursuant to the laws of the State of Georgia. Upon information and belief, Defendant Amber Fletcher and/or Defendant Christian Fletcher are members and managers of LifeBrite. LifeBrite may be served with a Summons and a photocopy of the Complaint upon its registered agent, Adam Walters, 100 Blue Fin Circle, Suite 1, Savannah, Georgia, 31410.

6. Defendants are employers as defined by 29 U.S.C. §203(d).

7. Plaintiff is a former employee of Defendants, working in Defendants' home as a full-time nanny for Defendant Amber Fletcher's and Defendant Christian Fletcher's minor child. Defendants employed Plaintiff at their home

located at 115 Glengate Ave., Atlanta, Fulton County, Georgia 30328, from approximately March 27, 2017, to approximately June 26, 2017.

8. Plaintiff is an employee as defined by 29 U.S.C. §203(e).

## FACTUAL ALLEGATIONS

9. Plaintiff was employed as a full-time nanny to the infant child of the individual Defendants (hereinafter the "Child") and as such she attended to the needs of the Child not only at home but in and around the Atlanta area.

10. Plaintiff's job did not involve exercising discretion over matters of significance. For example, the Plaintiff's primary job duties included feeding, bathing, and comforting the Child.

11. As part of her duties, the Plaintiff regularly worked in excess of forty (40) hours per week.

12. During the period from approximately March 27, 2017, to June 26, 2017, the Defendants paid the Plaintiff $25.00 per hour for most of the time and $35.00 per hour for approximately two (2) weeks when the Plaintiff watched all three of the Defendants children.

13. The Plaintiff was economically dependent upon the Defendants.

14. At all times, each Defendant had the power to hire and fire the Plaintiff.

15. Each Defendant supervised and controlled, or at least had the power and authority to supervise and control, Plaintiff's work schedules, conditions of employment, and the rate and method of payment to the Plaintiff.

16. The Defendants did not pay the Plaintiff compensation for the hours she worked in excess of forty (40) hours per week.

17. Specifically, based upon the Plaintiff's good faith estimate, the Plaintiff worked in excess of 140 hours of overtime during the period from March 27, 2017, to June 26, 2017.

18. The Plaintiff's regular hourly rate of pay during the Period was $25.00 from 8:00 a.m. to 6:00 p.m. for most days worked and $35.00 per hour for approximately two (2) weeks when the Plaintiff watched all three of the Defendants children.

19. In her good faith belief, the Plaintiff is entitled to at least $1,326.26 overtime pay based upon the calculation of hours Plaintiff was paid straight time during a pay period that should have been overtime pay: (81.25 hours x $12.50/hour and 17.75 hours x $17.50/hour).

20. In June 2017, Defendants terminated the Plaintiff's employment.

21. Even though Plaintiff had missed only one day of work on May 25, 2017, because of a severe illness, on the Notice of Termination prepared by the

Defendants, they allege that Plaintiff was terminated for "violation of time and attendant policy". In addition, upon information and belief, the Defendants made statements to others disparaging the Plaintiff with respect to her work (the "Misrepresentation").

22. At the time the Plaintiff began working for the Defendants, the Defendants knew that the Plaintiff was not exempt from overtime pay under the FLSA.

23. For the entire time the Plaintiff was employed by the Defendants, the Plaintiff was entitled to overtime pay under the FLSA.

24. While the Plaintiff was working for the Defendants, the Defendants chose not to pay the Plaintiff overtime pay under the FLSA to which the Plaintiff was entitled.

25. At the time the Plaintiff began working for the Defendants, the Defendants should have known that the Plaintiff was not exempt from overtime pay under the FLSA.

26. Upon information and belief, the Defendants have not sought nor received an opinion of counsel that the Plaintiff was exempt from overtime pay under the FLSA.

27. Upon information and belief, the Defendants were unaware of any

Department of Labor opinion, letter, publication, or other guidance indicating that employees doing the work done by the Plaintiff was exempt from overtime pay under the FLSA.

28. The Defendants failed to act in good faith with respect to their failure to pay the Plaintiff overtime pay.

## COUNT I
### (FLSA Claims)

29. Plaintiff incorporates the allegations contained in paragraphs 1 through 28 by reference.

30. During the statutory period, Plaintiff was employed by Defendants as a full time nanny.

31. The Plaintiff is not exempt from the overtime compensation provisions of the FLSA.

32. The FLSA requires employers to pay employees for all hours worked. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

33. Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

34. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages for which the Defendants are liable pursuant to 29 U.S.C. §§ 201 *et seq*.

35. Defendants knew or showed reckless disregard for the fact that they failed to pay the Plaintiff for overtime hours worked. This, as well as the conduct as aforesaid, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

36. The Plaintiff seeks damages in the amount of her respective unpaid overtime compensation at least $1,326.26, liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) in the amount of at least $1,326.26, interest, and such other legal and equitable relief as the Court deems just and proper.

37. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 20 U.S.C. §216(b).

## COUNT II
### (Non-FLSA Claims)

38. Plaintiff incorporates the allegations contained in paragraphs 1 through 37 by reference.

39. Under O.C.G.A. §51-5-1, Defendants' aforementioned actions and written Misstatements constitute libel *per se* and Plaintiff is entitled to an award of general and punitive damages.

40. Under O.C.G.A. §51-5-4, Defendants aforementioned actions and oral Misstatements constitute slander and slander *per se* and Plaintiff is entitled to an award of general and punitive damages.

41. The Misstatements were false.

42. Defendants acted intentionally, maliciously, recklessly, and in bad faith in making the Misstatements.

43. The Misstatements were not privileged.

44. The Defendants are liable to the Plaintiff for intentional defamation in an amount to be proven at trial.

45. The purpose of punitive damages is to punish and deter Defendants from engaging in harmful conduct to others both now and in the future.

46. The Defendants acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences of their actions.

47. The Plaintiff is entitled to an award of punitive damages because the conduct of the Defendants amounts to a specific intent to cause harm as that term is defined by O.C.G.A. §51-12-5.1 *et seq*.

48. At all times and in all matters mentioned above and as aforesaid, the Defendants have been stubbornly litigious and have caused the Plaintiff

unnecessary trouble and expense thereby entitling the Plaintiff to an award of reasonable attorneys' fees and court costs pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

1. With respect to Count I, FLSA Claims;

a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate, not less than $1,326.26;

b. An amount equal to the unpaid back wages not less than $1,326.26 as liquidated damages;

c. An award of prejudgment interest (to the extent liquidated damages are not awarded);

d. Costs and attorneys' fees to the extent allowed by law.

2. With respect to Count II:

a. General and special damages in an amount to be proven at trial;

b. Punitive damages as set by the enlightened conscience of the jury pursuant to O.C.G.A. §51-12-5.1 *et seq.,* and

c. Attorneys' fees pursuant to O.C.G.A. §13-6-11.

3. Such further relief as this Court deems just and equitable.

Respectfully submitted, this 19th day of September, 2017.

                                            AUSTIN & SPARKS, P.C.

                                            s/ John T. Sparks, Sr.
                                            Georgia State Bar No. 669575
                                            Attorneys for Plaintiff

2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-200 (fax)
jsparks@austinsparks.com