IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRISTINA VAN VOORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | |
| AMBER FLETCHER; CHRISTIAN | ) | No. 1:17-cv-03626-SCJ |
| FLETCHER; and LIFEBRITE | ) | |
| LABORATORIES, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW the parties in the above-styled action and file this Joint Motion for Approval of the Settlement and Memorandum in Support pursuant to 29 U.S.C. §201 *et seq.* (the "FLSA")

This FLSA settlement is a product of an arm's-length negotiation between the parties. The parties respectfully submit that the terms of settlement are fair, reasonable, and adequate, and that they resolve a bona fide dispute between the parties with respect to liability and damages. For these reasons, the Court should grant this joint motion.

The parties incorporate by reference the Settlement Agreement and Release of Claims, setting forth the terms of the settlement, which was filed with the Judge.

# I.     ANALYSIS

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).   With regard to court approval of an FLSA settlement, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

## A.     A BONA FIDE DISPUTE BETWEEN THE PARTIES EXISTED OVER FLSA COVERAGE.

In her Complaint, Plaintiff alleged that Defendants violated the FLSA because they failed to pay the Plaintiff overtime compensation for all hours worked

2

over forty in a workweek.  The Plaintiff also asserted other claims.  Defendants, on the other hand, contend that Plaintiff was paid all amounts due.  Defendants continue to deny any liability associated with Plaintiff's claims.  If Plaintiff ultimately prevailed, Defendants would be faced with the prospect of a significant monetary verdict in favor of the named Plaintiff, as well as the obligation to pay litigation fees and costs.  If Defendants ultimately prevailed, Plaintiff would be faced with dismissal of her claims and no recovery of any kind.  While firmly adhering to their respective positions, counsel for the parties agree that either outcome was possible in this action, particularly given that some issues likely would have required resolution by a jury.  Accordingly, the Court should conclude that a bona fide dispute between the parties exists.

**B.    THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES.**

The settlement of the instant action is appropriate for Court approval because it is fair, reasonable, and adequate.  The proposed settlement arises out of an action brought by Plaintiff against her employer, which was adversarial in nature.  During the litigation and settlement of this action, both Plaintiff and Defendants were represented by experienced counsel.  The settlement ultimately reached was the product of arm's-length negotiations between the parties,

facilitated by counsel.  It provides relief to Plaintiff and eliminates the inherent risks both sides would bear if this complex litigation were to continue.  Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); *see also, In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and awards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

Consideration of several additional relevant factors confirms that the proposed settlement is fair and reasonable.  The complexity, expense, and likely duration of the litigation weighs heavily in favor of finding that the settlement is fair and reasonable.  Should this matter have continued, the parties would have had to commence and complete formal discovery, necessitating numerous depositions as well as written discovery and the attendant motion practice; and the parties would have brought dispositive motions.  Following the resolution of those issues, the parties potentially faced the prospect of an expensive, lengthy jury trial, with

4

risks to both parties, as well as likely appeals and post-trial motions.

Instead, the parties directed their efforts toward an informed, efficient resolution of Plaintiff's claims.

## C.   PLAINTIFF'S COUNSELS' FEES AND COSTS ARE REASONABLE.

Consistent with Plaintiff's legal services agreement, the Plaintiff requests that the Court approve its request for approval of attorneys' fees and costs, as shown.

The parties' settlement provides for Plaintiff's counsel to receive an award of attorneys' fees and costs.  (Declaration of John T. Sparks, Sr. ("Sparks Dec.") (Dec. ¶3) (attached hereto as Exhibit A).  The engagement agreement informed the Plaintiff that Plaintiff's counsel would receive an award of 40% of the gross amount of any recovery through compromise, settlement, or trial.  (Sparks Dec., ¶4).  Pursuant to the FLSA, the parties' agreement and the terms of the engagement agreement, Plaintiff's counsel requests an award of 40% of the gross amount of the settlement fund.

Under the FLSA, the court "shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorneys' fees to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  What constitutes a reasonable fee is within the sound discretion of the district court.  *Hensley v. Eckerhart*, 461 U.S.

424, 433 (1983).  A critical factor in determining the reasonableness of the amount to award as attorneys' fees is the success of the litigation.  *Id*. at 436.

The present action was not a collective action; however, the reasoning by the courts in collective FLSA actions may be helpful here.  When a common fund is created by a settlement, courts have typically applied two methods in determining reasonable attorneys' fees awards: a percentage of the settlement fund or the lodestar method (*i.e.,* multiplying the hours reasonably expended by a reasonable hourly rate and adjusting by a multiplier).  *See Peterson v. Mortgage Sources Corp.*, 2011 WL 3793963, at *9 (D. Kan. Aug. 25, 2011) (approving the percentage method in an FLSA collective action).

When considering a reasonable percentage of the common fund to award as attorneys' fees, the lodestar method can serve as a cross-check.  *Sanderson v. Unilever Supply Chain, Inc.*, 2011 WL 6369395, at *2 (W.D. Mo. Dec. 19, 2011) (applying the percentage of the fund method and cross-checking the lodestar to determine reasonableness of attorneys' fees); *Loudermilk Services, Inc. v. Marathon Petroleum Co.*, LLC, 623 F. Supp. 2d 713, 717 (S.D.W. Va. 2009).

District courts use several factors to guide inquiries into the reasonableness of requested fees: "(1) the benefit conferred on the class, (2) the risk to which plaintiffs' counsel was exposed, (3) the difficulty and novelty of the legal and

6

factual issues of the case, (4) the skill of the lawyers, both plaintiffs' and defendants', (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases." *See Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010); *see also Strube v. American Equity Inv. Life Ins. Co.*, 2006 WL 1232816, at *2 (M.D. Fla. May 5, 2006).

1.   **Plaintiff's Counsel have Conferred a Substantial Benefit on the Plaintiff.**

Plaintiff's counsel's work on this case has resulted in a settlement payment, if settlement is approved, for an individual who would likely have received nothing or significantly less, in the absence of counsel's efforts.   Additionally, the settlement payment includes payment of all amounts sought by Plaintiff for overtime as well as liquidated damages.   Securing this payment weighs in favor of the requested award.

2.   **Plaintiff's Counsel Undertook Considerable Risk in Litigating this Case.**

Plaintiff's counsel took this case on a contingency basis and has a legal engagement agreement with the Plaintiff.   (Sparks Dec. ¶4).   That legal engagement agreement provides for payment of attorneys' fees to counsel in the amount of 40% of any settlement.   *Id.*   Because of this contingency fee arrangement, Plaintiff's counsel has not received any payment for their time spent

7

litigating the case, nor have they received reimbursement for their out of pocket costs during the litigation. *Id.* Instead, Plaintiff's counsel alone undertook the financial risk of recovering nothing for their time and resources spent litigating the case. Moreover, inasmuch as this is not a collective action, Plaintiff's counsel cannot benefit from the claims of multiple plaintiffs to increase counsel's recovery of attorneys' fees.

Plaintiff's counsel obtained substantial monetary relief for Plaintiff and this contingency fee agreement should be honored. *See Scott v. Memory Co., LLC, 2010 WL 4683621* (M.D. Ala. Nov. 10, 2010) (settlement approved with attorneys' fees paid according to plaintiff's contingency agreement with his attorney); *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, 364 F.Supp.2d 980, 994 (D. Minn. 2005) ("Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees.").

Moreover, the Settlement Agreement And Release of Claims coupled with the Fee Agreement between the Plaintiff and the Plaintiff's counsel advises the Plaintiff as to the amount of Plaintiff's counsel's attorneys' fees. (Sparks Dec. ¶¶3 and 4). The Plaintiff agrees and has not objected to the terms of the settlement providing for Plaintiff's counsel to receive 40% of the settlement fund. (Sparks Dec. ¶4). This too should weigh in favor of the reasonableness of the requested

attorneys' fees.

**3.   The Legal and Factual Issues are Difficult and Complex.**

This matter involved a woman working as a nanny for the Defendants but also included claims for defamation.  The case involved several difficult legal and factual issues under the FLSA such as whether: (1) Plaintiff was exempt or not from the overtime provisions of the FLSA and if not, how much overtime is the Plaintiff due; (2) did the Defendants acted in good faith with respect to the Plaintiff's claims for liquidated damages; (3) was the Defendants' conduct willful; and (4) the Plaintiff would be able to document her numbers of hours of overtime.

**4.   Counsel for Both Parties are Skilled Wage and Hour Litigators.**

Courts often recognize the importance of competent representation when determining the reasonableness of a fee award. *Sanderson*, 2011 WL 6369395, *2. Here, the skill and experience of both parties' counsel supports the requested award.  Plaintiff's counsel has significant FLSA experience as well as in civil litigation in general. (Sparks Dec. ¶6).  Defense counsel and his firm are likewise experienced in defending similar claims.  *Id.*  Both counsel used their wage and hour experience in litigating this matter and in the negotiation of the settlement. After the negotiations, counsel for the parties reached a fair resolution.  These facts weigh in favor of awarding the requested fees.

**5.      Plaintiff's Counsel Diligently and Effectively Litigated this Case.**

Since the filing of this matter on September 19, 2017, together Plaintiff's counsel and their support staff have spent 15.5 hours litigating this case and facilitating the settlement process.   (Sparks Dec. ¶5).   Specifically, Plaintiff's counsel and their support staff have, among other things, (1) investigated potential claims in this case including overtime claims and defamation claims; (2) conducted lengthy research regarding issues raised in the Complaint; (3) conferred with the Plaintiff; (4) performed detailed damage calculations; (5) conducted research as to the identity of the proper defendants to be named in the lawsuit; (6) conducted legal research from other jurisdictions with respect to similar, successful, claims; (7) drafted a detailed Complaint; (8) ensured that the Complaint and Summons were properly prepared, filed, and served; (9) conferred with opposing counsel with respect to the validity of the Plaintiff's claims; (10) conferred with Defendants' counsel with respect to the various strengths and weaknesses of the case as well as documents relevant to the matter; (11) negotiated with opposing counsel regarding settlement of the matter; (12) worked with defense counsel to reach an agreement as to the terms of a settlement fair to both parties, and (13) drafted and reviewed this and other settlement documents.  (Sparks Dec. ¶6).

Plaintiff's counsel's work on this case to date has resulted in hourly fees in

excess of $6,940.00; Plaintiff's counsel seeks approximately 49.87% of this amount as his fee. *Id.* The fees sought are reasonable. (Sparks Dec. ¶5).

**6.     The Requested Fees are Comparable to Fees Awarded in Similar Cases.**

Plaintiff's counsel's requested fees of 40% of the gross award of $8,652.52 ($3,461.01) are reasonable in relation to the total settlement. Forty percent (40%) of the total settlement is a common award for attorneys' fees in FLSA collective action cases such as this. *See, e.g., Thompson v. Trinitas Ventures, LLC*, No. 1:14-CV-2503-SCJ (N.D. Ga. Oct. 31, 2014) (Order approving settlement and forty percent contingency fee as reasonable); *Nichols v. Carolina Fin. Corp.*, No. 1:11-CV-01766-SCJ) (N.D. Ga. Jan. 29, 2013) (approval of forty percent on single claimant FLSA case); *Callis v. Shelette's Home of Adults, Inc.*, 2011WL4836224, E.D. Va. Oct. 12, 2011 (forty percent contingency fee agreement a helpful benchmark for determining reasonableness of fee); *Alvarez v. Best of Best Catering, Corp.*, 2008 WL 4415502 (M.D. Fla., Sept. 25, 2008 (forty percent contingency fee in an FLSA case found to be reasonable where plaintiff agreed); *Mansfield v. Castaways Backwater Café, Inc.*, 2008 WL 3889598 (M.D. Fla. Aug. 18, 2008) (forty percent contingency fee in FLSA case reasonable); *Gunn v. Environmental Risk Management, Inc.*, 2008 WL 4710757 (M.D. Fla. 2008) (forty percent contingency fee approved in FLSA case).

## II.    CONCLUSION

Here, Plaintiff's counsel's requested award in this FLSA action falls directly in line with fees awarded in similar cases.   For this reason, the Court should approve Plaintiff's counsel's requested attorneys' fees award in the amount of $3,461.01 plus expense of $831.37.   Thus, the parties jointly and respectfully request that this Court approve the parties' settlement agreement and dismiss the claims of the Plaintiff with prejudice, so that this matter may be closed and removed from the Court's docket.   The parties attach hereto as Exhibit B a proposed Order.

This 27th day of October, 2017.

|  | **Prepared and Presented:** |
|---|---|
| | **AUSTIN & SPARKS, P.C.** |
| 2974 Lookout Place, N.E., Suite 200 | s/ John T. Sparks, Sr. |
| Atlanta, Georgia 30305 | Georgia Bar No. 669575 |
| 404-869-0100 / 404-869-0200 (fax) | jsparks@austinsparks.com |

Counsel for Plaintiff

**Joint (Unopposed to Fee Request):**

| | **FISHER & PHILLIPS, LLP** |
|---|---|
| 1075 Peachtree Street, N.E. | s/ Edward N. Boehm, Jr. |
| Suite 3500 | Georgia Bar No. 183411 |
| Atlanta, Georgia 30309 | tboehm@fisherphillips.com |
| 404-240-4286 | |

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Joint Motion for Approval of Settlement and Memorandum in Support Thereof with the Clerk of Court in the United States District Court for the Northern District of Georgia using the CM/ECF system which will automatically send email notification of this filing to the following attorneys of record:

Edward N. Boehm, Jr., Esq.                tboehm@fisherphillips.com

Pursuant to NDGA LR 5.1B, the undersigned counsel certifies that this pleading is prepared in Times New Roman 14 point font.

This 27th day of October, 2017.

                                                        **AUSTIN & SPARKS, P.C.**
                                                        s/ John T. Sparks, Sr.
2974 Lookout Place, N.E., Suite 200      Georgia Bar No. 669575
Atlanta, Georgia 30305
404-869-0100/404-869-0200 (fax)
jsparks@austinsparks.com